IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOT FAVUS, M.D., <br><br> Plaintiff, <br><br> v. <br><br> MIMEDX GROUP, INC., <br><br> Defendant. | Case No. 1:18-mc-00062-ALC |

**DEFENDANT MIMEDX GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF AND NON-PARTY WITNESS ELLIOT FAVUS, M.D.'S MOTION TO QUASH**

Michael Fox ("Fox"), defendant in the underlying litigation, specifically identified Elliot Favus, M.D. ("Dr. Favus") as someone with whom Fox communicated with about his ongoing lawsuit with MiMedx Group, Inc. ("MiMedx"). This alone is sufficient to justify deposing Dr. Favus, especially given the fact MiMedx has claims against Fox for breach of contract that relate directly to his disclosure of MiMedx's proprietary information to unauthorized individuals in violation of his Confidentiality/Non-Solicitation Agreement. Furthermore, documents produced by Favus Institutional Research LLC ("FIR") pursuant to MiMedx's Subpoena for Production of Documents revealed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thus, based on Fox's own discovery responses and Plaintiff's own deliberate actions, MiMedx is entitled to depose Dr. Favus for relevant information regarding MiMedx's claims in the underlying litigation.

**FACTUAL BACKGROUND**

After learning of various breaches of contractual and fiduciary duties, MiMedx terminated the employment of Michael Fox as Vice President of Federal & Academic

1

Institutions on December 29, 2016.  On the same day of Fox's termination, MiMedx initiated action against Fox in the United States District Court for the Northern District of Illinois, Eastern Division.  *See* Case No. 1:16-cv-11715-MSS, ECF Nos. 1, 18.  Relevant here, Count I pertains to Fox's breach of his contractual obligations under the Fox Confidentiality/Non-Solicitation Agreement, which remains in effect through December 29, 2019.  Therein, MiMedx alleged Fox violated this Agreement by disclosing MiMedx's confidential information and trade secrets to unauthorized individuals and failing to report known side sales of his subordinates during his employment.  Fox filed his answer and other counterclaims on August 24, 2017, though his most recent amendment was filed with leave of the Court on January 31, 2018.  *See id.*, ECF Nos. 60, 147.

On March 30, 2017, MiMedx submitted its First Interrogatories to Fox, in which MiMedx asked Fox to "[i]dentify any and all Persons or Entities that You Communicated with about this lawsuit and describe in detail the date and substance of such Communications."  Fox initially responded on May 26, 2017, but did not identify Dr. Favus.  However, on October 11, 2017 and pursuant to the Court's Order (*see* Case No. 1:16-CV-11715, ECF No. 83), Fox supplemented his response and specifically identified "Elliot Favus" as one of the identified persons with whom Fox communicated with "about this lawsuit[.]"

On November 9, 2017, MiMedx issued FIR a Subpoena for Production of Documents in the Fox Action.  Through this production,[1] MiMedx learned that Dr. Favus not only communicated with Fox, ███████ ███ The production also revealed that Dr. Favus ███

---

[1] The FIR production is marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."  These supporting documents are subject to a pending motion to seal and will be provided therein.

███████████████████████████████████████████████

███████████████████████████

Dr. Favus admittedly "follows" MiMedx closely and has written about ███████ ████████████████████████████████████ Simultaneously, MiMedx has been the subject of a "short and distort" scheme by various short sellers disseminating false information about the Company in an effort to drive down its stock price. These short sellers specifically have highlighted the irrelevant allegations from Fox's pleadings in the press to further their short positions online. *See, e.g.*, Case No. 1:16-CV-11715, ECF No. 154-2.

Given the identification of Dr. Favus by Fox, and knowing the extent of his communications with Fox and former employees, MiMedx issued Dr. Favus a Subpoena for Deposition and to Produce Documents on February 8, 2018, which Dr. Favus seeks to quash in this Action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas on non-parties and motions to quash. Under Rule 45(d)(3), the court for the district where compliance is required must quash or modify a subpoena that requires the disclosure of privileged or otherwise protected information or if the subpoena subjects a person to undue burden. *See* FED. R. CIV. P. 43(d)(3)(A)(iii)-(iv). The district may also quash or modify a subpoena that requires the disclosure of trade secrets or confidential research. *See* FED. R. CIV. P. 43(d)(3)(B)(i). However, the movant possesses the initial burden to establish why a specific subpoena should be quashed or modified. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996).

Rule 45 subpoenas are subject to the "relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011). "[T]he scope of discovery under

3

Fed.R.Civ.P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). When relevance has been established, "it is up to the responding party to justify curtailing discovery." *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y. 2011).

## ARGUMENT

Dr. Favus offers a number of arguments for why he should not be deposed in the Fox litigation, all of which are unavailing in full view of Fox's specific identification of Dr. Favus and Dr. Favus' personal conduct. Because he inserted himself into pending litigation, MiMedx is well within its rights to depose Dr. Favus to understand the full extent of his communications with Fox, especially given Fox's continuing obligations under the Confidentiality/Non-Solicitation Agreement, as well as with other relevant actors. Dr. Favus faces no undue burden if subjected to a deposition. Furthermore, MiMedx does not seek any trade secrets or confidential information from Dr. Favus or FIR. MiMedx only seeks testimony regarding his communications with Fox, current or former MiMedx employees, and other individuals or entities actively engaged in a "short and distort" scheme against MiMedx.

### A. Favus Fails to Demonstrate any Undue Burden

The burden is on Dr. Favus, as the moving party, to prove that the subpoena subjects him to an undue burden. *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009); *Concord Boat*, 169 F.R.D. at 48. In evaluating motions to quash, district courts must balance the need for discovery against the likely burden imposed on non-party witnesses. *See United States v. IBM Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)

(critical factors include balancing relevance against the burden imposed).  Mere inconvenience is not enough to "justify an order to quash a subpoena that seeks potentially relevant testimony." *Kirschner v. Klemons*, No. 99 Civ. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citing *Croom v. W. Conn. State Univ.*, 218 F.R.D. 15, 17 (D. Conn. 2002)).  Moreover, a party "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Id.*  Instead, Rule 45 motions must be "viewed in conjunction with the [broad] scope of discovery permissible under Rule 26." *Application of Dow Jones & Co., Inc.*, No. 98 MISC. 8-85 (PKL), 1998 WL 883299, at *6 (S.D.N.Y. Dec. 17, 1998) (citation and internal quotation marks omitted).

      Dr. Favus fails to demonstrate any undue burden.  Instead, he seeks to improperly conflate his claimed lack of personal knowledge with possessing information relevant to the claim or defense in the underlying action.  In doing so, he seeks to apply an inappropriately narrow standard of relevancy to this case.  Dr. Favus' contention that he lacks personal knowledge about any matters relating to the Fox litigation is not the proper inquiry.  Rather, the appropriate question is whether Dr. Favus has information "relevant to any party's claim" in the Fox litigation.  FED. R. CIV. P. 26(b)(1).  Fox himself stated that he communicated with Dr. Favus about the litigation, and MiMedx has already sued Fox for disclosing MiMedx's confidential and proprietary information to unauthorized individuals.  Accordingly, MiMedx is entitled to discover the full extent of Fox's communications with Dr. Favus to determine what Dr. Favus knows, how he learned of this information, and whether this information was used to develop his reports on MiMedx or whether he shared information from Fox with others who hold a short position in MiMedx.  This, along with his apparent conduct, puts Dr. Favus' potential

testimony within the broad scope of discovery regardless of any inconvenience a deposition may present.

Furthermore, Dr. Favus' presumption that MiMedx only seeks to depose him to evaluate a claim of stock manipulation is incorrect. MiMedx is entitled to discover what Dr. Favus and Fox discussed. While investigating Dr. Favus' connection to any short sellers is relevant to the Fox Action,[2] Dr. Favus cannot reduce the import of his own conduct in the underlying action. Accordingly, because Dr. Favus has not specifically shown how he would be subject to undue burden in light of his own actions during the pendency of the Fox litigation and because MiMedx seeks relevant, discoverable information from Dr. Favus regarding his communications with relevant actors, including Fox, the motion to quash must be denied.

### B. MiMedx Does Not Seek Testimony Regarding Purported Trade Secrets

Dr. Favus also contends that the subpoena should be quashed because MiMedx will inevitably seek to discover his trade secrets and other confidential information. First, neither MiMedx nor Fox are competitors of Dr. Favus or FIR. Thus, even if trade secrets or other confidential information were to be disclosed, the information would be of no value to either party. *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009) (noting that New York courts consider, among other factors, "the value of the information to the business and its competitors" when evaluating whether information constitutes a trade secret) (citing *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 44 (2d Cir. 1999)). Moreover, a cursory review of the subpoena at issue clearly shows MiMedx's interest in Dr. Favus' communications

---

[2] Contrary to Dr. Favus' reading of Judge Shah's January 24, 2018 Order, MiMedx raised the real concern of irrelevant and salacious allegations in Fox's then-proposed amended pleadings reappearing on the social media websites, namely Twitter, and utilized by short sellers to support their financial positions against MiMedx. Indeed, instances such as these have occurred on numerous occasions during the Fox litigation. *See* Case No. 1:16-CV-11715, ECF No. 154-2. In ruling on Fox's Motion for Leave to Amend, Judge Shah stated that although Fox's "motives may not be pure," he concluded that this issue regarding short sellers does not require "resolving plausible claims on their merits." *See* Case No. 1:16-CV-11715, ECF No. 145 at 25 & n.5. Judge Shah further noted that "irrelevant and unnecessary allegations may be susceptible to a Rule 12(f) motion to strike[.]" *Id.* at 25.

with former employees, including Fox, as well as other relevant actors. If any documents containing purported trade secrets fall within the scope of MiMedx's additional request for documents or Dr. Favus' testimony, a protective order is in place to alleviate any concerns relating to disclosure. *See* Exhibit A. Notably, the FIR production, marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," is subject to this same protective order currently in place in the Fox Action. This, as well as Dr. Favus' failure to show undue burden, additionally supports the denial of the motion to quash.

## CONCLUSION

Dr. Favus was specifically identified by Fox as someone with whom Fox communicated with regarding the underlying litigation. This alone serves as a more than sufficient basis for denying the motion to quash, given that MiMedx has raised claims against Fox for breach of the Confidentiality/Non-Disclosure Agreement, which remains in place until December 29, 2019. Furthermore, Dr. Favus has failed to prove, in any measurable manner, how the subpoena for deposition testimony and production of documents subjects him to any undue burden. Instead, Dr. Favus attempts to persuade this Court to apply a narrow, inflexible standard of relevancy despite his deliberate actions with Fox and other actors in the underlying action. Moreover, Dr. Favus' concerns with the disclosure of trade secrets and confidential information are not compelling as MiMedx and Fox are not competitors of Dr. Favus or FIR. Lastly, Dr. Favus' issues with confidential proprietary information can be easily ameliorated with proper confidentiality designations and subjecting those documents to the protective order already in place.

Dated:  February 27, 2018.                                    Respectfully submitted,

**DEFENDANT MIMEDX GROUP, INC.**
/s/ Isaac S. Greaney


Isaac S. Greaney
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
E-mail:  igreaney@sidley.com

Joseph D. Wargo, *pro hac* application
     forthcoming, Georgia Bar No. 738764
David M. Pernini, *pro hac* application
     forthcoming, Georgia Bar No. 572399
Shanon J. McGinnis, *pro hac* application
     forthcoming, Georgia Bar No. 387598
**WARGO & FRENCH, LLP**
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Telephone: (404) 853-1500
Facsimile: (404) 853-1511
E-mail: jwargo@wargofrench.com
E-mail: dpernini@wargofrench.com
E-mail: smcginnis@wargofrench.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record for the parties in this action:

Jeremy M. Klausner
Agostino & Associates A Professional Corporation
14 Washington Place
Hackensack, NJ 07601
Telephone: (201)-488-5400
Facsimile: (201)-488-5855
E-mail: jklausner@klausnerlegal.com

*/s/ Isaac S. Greaney*

Isaac S. Greaney
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
E-mail:  igreaney@sidley.com